UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                     :
RICHARD ONTIVEROS-GIMA,                              :    Civil No. 1:26-cv-2098
                                                     :
                              Plaintiff,             :    COMPLAINT FOR COPYRIGHT
                                                     :    INFRINGEMENT
v.                                                   :
                                                     :
ROMEO HUNTE LLC,                                     :
                                                     :
                              Defendant.             :    JURY TRIAL DEMANDED
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

Plaintiff Richard Ontiveros-Gima, for his complaint against defendant Romeo Hunte LLC, alleges as follows:

1.      This is an action for copyright infringement involving defendant's unauthorized reproduction and display of plaintiff's copyrighted photographic work.

## JURISDICTION

2.      This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

3.      Plaintiff is a freelance photographer and regularly licenses photographs to numerous top-tier outlets. Throughout his career, he has worked with an array of globally recognized and prestigious clients, including industry leaders and iconic brands. His exceptional talent in photography has been sought after by numerous athletes and A-list celebrities. These collaborations underscore Mr. Ontiveros-Gima's talent and reputation within the industry. His

photographs have graced magazines as well as the marketing materials and campaigns of world-renowned brands, a testament to his remarkable skill and ability to consistently deliver extraordinary visual content.

4.      Ontiveros-Gima and his agents conduct business as a syndicator of photos and features of popular content including magazines like defendant. The business model is predicated on licensing the use of works to many different licensees, each of which pays a fee to publish.

5.      Ontiveros-Gima is a resident of Brooklyn, New York.

6.      On information and belief, defendant Romeo Hunte is a limited liability company organized under the laws of the State of New York with a principal place of business in New York, New York.

7.      Romeo Hunte is a contemporary lifestyle brand of high-end apparel and accessories.

8.      On information and belief, Romeo Hunte owns, operates, or controls the Instagram account @romeohunte, or is otherwise responsible for the content posted to that account.

9.      On information and belief, Romeo Hunte owns, operates, or controls the and the Facebook account located at facebook.com/romeohuntenewyork, or is otherwise responsible for the content posted to that page.

10.     The Court has personal jurisdiction over Romeo Hunte because it is organized under the laws of New York and has its principal place of business in this state.

11.     Venue is this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

12.     Plaintiff is the owner and copyright holder of a photographic image (the "Image") depicting NBA basketball superstar Jayson Tatum wearing a dual gender utility vest by Romeo Hunte and Tommy Hilfiger. Within 90 days of first publication, the Image was registered with the U.S. Copyright Office as Registration No. VA 2-332-022 (eff. Dec. 9, 2022).

13.     Plaintiff never licensed the Image to defendant. Nevertheless, defendant used the Image without authorization or permission to do so, and without paying a license fee.

14.     Specifically, on or around November 5, 2022, defendant copied the Image from Internet sources—on information and belief including legitimate licensees of plaintiff—stored the Image on its own servers or computer drives, and displayed the Image on the social media account @romeohunte and on the Facebook page located at facebook.com/romeohuntenewyork.

15.     Plaintiff, through his agent, discovered defendant's unauthorized use of the Image on March 15, 2023.

16.     The Image is creative, distinctive, and—as evidenced by defendant's use of it—valuable. Because of the Image's quality, visual appeal, and celebrity subject matter, plaintiff stood to gain revenue from licensing it. Defendant's unauthorized use of the Image harmed the market for it.

17.     In addition, defendant's unauthorized use of the Image is commercial in nature. Defendant uses its Instagram feed and Facebook page to promote specific products, to create brand awareness of its apparel and accessories business, and to attract buyers of all its products. In fact, defendant's Instagram post and Facebook post were expressly commercial because the

accompanying text directed viewers to its website, romeohunte.com, where the product depicted in the Image—and other products—could be purchased.

18.    On information and belief, defendant posted the Image on Instagram and Facebook to attract buyers for its goods. On information and belief, defendant knew that because the Image depicted a popular celebrity, users would be attracted to view the Image and thus more likely to purchase such product. In short, defendant used the Image for advertising.

19.    Defendant operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, defendant was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Image, and/or it acted recklessly by posting the Image without determining whether it had the right to do so.

**CLAIM ONE**

**Copyright Infringement (17 U.S.C. § 501)**

20.    All prior paragraphs are incorporated into this claim.

21.    Plaintiff is the author and copyright owner of the protected Image named above in this Complaint.

22.    Defendant has reproduced, displayed, or otherwise copied the Image without plaintiff's authorization or license.

23.    The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to copy, display, and reproduce their works to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

24.     Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

25.     Plaintiff suffered damages from defendant's unauthorized use of the Image.

26.     Having timely registered his copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

27.     On information and belief, defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

28.     In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

29.     Within the time permitted by law, plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

30.     Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant as follows:

A.     For a preliminary and permanent injunction against defendant and anyone working in concert with it from further copying or displaying the Image;

5

B.      For an order requiring defendant to account to plaintiff for its profits and any damages sustained by plaintiff arising from the acts of infringement;

C.      As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D.      For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

E.      For an award of pre-judgment interest as allowed by law;

F.      For reasonable attorney fees;

G.      For court costs, expert witness fees, and all other expenses authorized under law;

H.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues permitted by law.


Dated: March 14, 2026                    PERKOWSKI LEGAL, PC

                                                    By:    /s/ Peter Perkowski
                                                            Peter E. Perkowski (NY Bar #5934765)
                                                    515 S. Flower Street, Suite 1800
                                                    Los Angeles, CA 90071
                                                    Tel: (213) 340-5796
                                                    peter@perkowskilegal.com

                                                    *Counsel for Plaintiff Richard Ontiveros-Gima*